NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GODIGITAL, INC., a Delaware corporation,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>CONTENTBRIDGE SYSTEMS, LLC, a California limited liability company,<br><br>    Defendant-Appellee. | No.   18-55521<br><br>D.C. Nos.<br>2:17-cv-07066-JAK-AFM<br>2:17-cv-07524-JAK-AFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 12, 2019**
Pasadena, California

Before:  GRABER, BERZON, and CHRISTEN, Circuit Judges.

Plaintiff GoDigital, Inc., appeals the district court's judgment confirming an

arbitration award in favor of Defendant Contentbridge Systems, LLC. We affirm.

GoDigital has not established that the "award is 'completely irrational,' or

_____

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (citations omitted). As the district court observed, "a finding that each party breached the contract, and that each party is entitled to damages for the other's breach, is legally permissible." *Brawley v. J.C. Interiors, Inc.*, 161 Cal. App. 4th 1126, 1134 (2008).

GoDigital contends that, because Contentbridge had partially breached the contract, it could not have established an essential element in its claim for breach of contract—its own performance. Contentbridge's claim, however, was one of anticipatory breach, as GoDigital had refused to pay for future work that Contentbridge had not yet had the opportunity to perform. In those circumstances, Contentbridge was required to prove not past performance, but that it "had the ability to perform any required conditions under the[] contract." *County of Solano v. Vallejo Redev. Agency*, 75 Cal. App. 4th 1262, 1276 (1999). Given the arbitration panel's findings that "Contentbridge made efforts timely to respond to GoDigital's requests" and that there was "evidence of efforts by Contentbridge to satisfy GoDigital," it was not in manifest disregard of the law or irrational for the panel to conclude that Contentbridge had carried its burden on its breach-of-contract claim.

**AFFIRMED.**

2